IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS TATE, #180664, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-1094-MEF ) [WO] ) |
| TROY KING, et al., | ) ) |
|     Defendants | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Marcus Tate ["Tate"], a state inmate, complains of actions taken against him by officials of Clarke County, Alabama which led to his criminal conviction in November of 1999. Specifically, Tate asserts that Robert Keahey, the District Attorney for Clarke County, and Larry Colston, a deputy sheriff of Clarke County in 1999, used perjury and a coerced confession to effectuate his conviction. Clarke County is located within the jurisdiction of the United States District Court for the Southern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

---

[1] The plaintiff filed neither the requisite filing fee nor an affidavit in support of a request for leave to proceed *in forma pauperis*. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, matters related to Tate's *in forma pauperis* status, including the assessment and collection of any filing fee, should be undertaken by the United States District Court for the Southernn District of Alabama. Thus, this court will not address Tate's failure to submit documents necessary to a determination of his *in forma pauperis* status.

**DISCUSSION**

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

Those individuals personally responsible for the challenged actions reside in the Southern District of Alabama. Although by virtue of his position as Attorney General for the State of Alabama defendant King resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all federal courts of this state. Moreover, it is clear from Tate's recitation of the facts that the actions about which he complains occurred during proceedings which transpired in the Southern District of Alabama. Thus, the majority of material witnesses and evidence associated with this case are located in the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court

for the Southern District of Alabama for review and determination.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before December 27, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

---

[2] In transferring Tate's case, this court makes no determination with respect to the merits of his claims for relief even though it appears that such claims are not proper in a complaint filed under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

down prior to the close of business on September 30, 1981.

    Done this 12th day of December, 2006.

                                    /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE